FORM TO BE USED BY FEDERAL PRISONERS IN FILING A PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 USC 2241

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

JAN 26 2000

MICHAEL N. MILBY CLERK

MARTIN DALE WALKER
Petitioner
H.C. 67 BOX 115
KENEDY, TX. 78119

(Full name under which you were convicted; prison number; and full mailing address.)

vs.

TDCJ-ID   NUMBER 2) RESPONDENT TDCJ-ID
GARY L. JOHNSON; DIRECTOR ETAL.
WAYNE SCOTT; DIRECTOR Respondent   NUMBER 1) RESPONDENT TDCJ
T.D.C.J.
P.O. BOX 99
HUNTSVILLE, TX. 77342

(Name of Warden or other authorized person having custody of petitioner.)

CIVIL ACTION NO. C 00 036

PLEASE COMPLETE THE FOLLOWING. READ THE ENTIRE PETITION BEFORE FILLING IT OUT. ANSWER THOSE QUESTIONS WHICH PERTAIN TO YOUR TYPE OF CLAIM.

1. This petition concerns: (Check appropriate blank.)

_____ a conviction

_____ a sentence  (CAUTION: If you are attacking a sentence imposed under a federal judgment, you must first file a direct motion under 28 U.S.C. §2255 in the federal court which entered the judgment.)

✓ jail or prison conditions

✓ prison discipline

_____ a parole problem

✓ other. State briefly: _____

2. Place of detention: TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION
H C 67 BOX 115, KENEDY TEXAS 78119 "JOHN B. CONNALLY UNIT."

3. Have you filed previous petitions for habeas corpus, motions under 28:2255, or any other applications, petitions or motions with respect to this conviction?

   _____ yes             ✓_____ no

   If your answer above is "Yes," give the following information:

   a. Name of Court: ____N/A_____

   b. Nature of proceeding: ____N/A_____

   c. Grounds raised: ____N/A_____

   _____

   _____

   _____

   d. Result: ____N/A_____

   e. Date of Result: ____N/A_____

   f. Citation or number of any written opinion or order entered pursuant to each such disposition: ____N/A_____

   _____

4. If you did not file a motion under Section 2255 of Title 28, U.S.C., or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

   ____N/A_____

   _____

   _____

   _____

5. Are you presently represented by counsel? _____ Yes   ____✓____ No

   If so, name, address and phone number of counsel: ____N/A_____

   _____

6. Name and location of court which imposed sentence: __40TH DISTRICT COURT ELLIS COUNTY TX. WAXA__

7. Indictment or case number, if known: **10-96-00066-CR TRIAL CAUSE NO. 21-955-CR**

8. Offense or offenses for which sentence was imposed: **POSSESSION OF MARIH**

9. Date upon which sentence was imposed and the terms of the sentence: **MARCH 20, 1996 99 YEARS**

10. When was a finding of guilty made? (Check one.)

    _____ After a plea of guilty

    ✓ After a plea of not guilty

    _____ After a plea of nolo contendere

11. If you were found guilty after a plea of not guilty, was that finding made by:

    ✓ A jury

    _____ A judge without a jury

12. Did you appeal from the judgment of conviction or the imposition of sentence?

    ✓ Yes

    _____ No

13. If you did appeal, give the following information for each appeal:

    a. Name of Court: **10TH SUPREME COURT OF TEXAS    P.D.R. DENIED BY C.O.A. OF TEXAS**

    b. Result: **DENIED**

    c. Date of Result: _____

    d. Citation or number of opinion: **10-96-00066-CR**

    e. Grounds raised: (List each one.)

    **ILLEGAL VOIR DIRE EXAMINATION**

    **OVERRULING MOTION FOR MISTRIAL AFTER TESTIMONY OF OFFICER**

    **UNLAWFUL SEARCH & SEAZURE & ILLEGAL ADDMITION OF EVIDENCE**

    **ILLEGAL OF INDICTMENT**

    Note: If you appealed more than once, attach an additional sheet of the same size and give all the information requested above in question No. 13, a through e. Do not write on the reverse of pages.

14. State CONCISELY every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, attach a single page behind this page.

   CAUTION: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

   a. Ground one: __INVOLUNTARY SERVITUDE & OR SLAVERY__

   Supporting FACTS: (Tell your story BRIEFLY without citing cases or law. You are CAUTIONED that you must state facts, not conclusions, in support of your grounds. A rule of thumb to follow is--who did exactly what to violate your rights at what time or place.)

   __SEE ATTACHED STATEMENT AND CAUSE OF ACTION__

   b. Ground two: __ILLEGAL APPLICATION OF POST CONVICTION LAW ie. GOVT CODE §497.099 AND §497.090__

   Supporting FACTS: __SEE ATTACHED CAUSE OF ACTION__

   c. Ground three: __VIOLATION OF SEPERATION OF POWERS DOCTRINE AND VIOLATION OF DUE PROCESS AND VIOLATION OF AND IMPLEMENTATION OF VINDICTIVE LEGISLATION__

   Supporting FACTS: __SEE ATTACHED CAUSE OF ACTION AND PRAYER__

15. If this petition concerns jail or prison conditions, prison discipline, a parole problem, or other cause under 28:2241, answer the following:

   a. Did you present the facts relation to your present complaint in the internal prison grievance procedure?

   ____✓____ Yes    _____ No

   (1) If your answer to "a" above is "yes," what was the result? "DENIED" NOT AN INSTITUTIONAL GRIEVABLE ISSUE IN TDCJ-ID

   (2) If your answer to "a" above is "no," explain: NOT A GRIEVABLE ISSUE IN TDCJ-ID

   b. Did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

   _____ Yes    ____/____ No  N/A

   (1) If your answer is "yes," state the date such claim was submitted and what action, if any, has been taken.

   N/A

   (2) If your claim has been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or other federal agency concerning your claim.

   c. STATEMENT OF CLAIM: State here as briefly as possible the facts of your case. Do not give any legal arguments or cite any cases or statutes. Attach extra pages of the same size as this page if necessary. Do not write on the reverse side.

   SEE ATTACHED PRAYER AND CAUSE OF ACTION

   NOTE! SEE ATTACHED TDCJ-ID DISCIPLINARY RULES HANDBOOK AS "EXHIBIT" OF COMPULSION

_____
_____
_____
_____
_____

16. RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

_____ SEE ATTACHED TYPED PRAYER _____
_____
_____
_____
_____
_____
_____
_____
_____

Signed this __20TH__ day of __JANUARY__, __2000__
           (date)                (month)           (year)

_Martin Dale Walker_
Signature of petitioner

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on: __1-20-2000__
             (date)

_Martin Dale Walker_
Signature of petitioner

## CAUSE OF ACTION

The Texas Department of Criminal Justice - Institutional Division, nor the Texas Department of Criminal Justice have the authority to implement any code or law which violates the Texas Constitution or the United States Constitution and they have done just that! The Texas Department of Criminal Justice and its Institutional Division is applying the State of Texas Government Code § 497.090 "Work Required" to this Applicant illegally under the Texas Constitution. Furthermore, Government Code § 497.090, nor Government Code § 497.099 the newly enacted "Work Participation Code" enacted on September 1, 1999 could not apply to this Applicant as he was sentenced to incarceration only, "Not Labor." See <u>Wendt v. Lynaugh</u>, 841 F.2d 619 (5th Cir.1989) at 620(1) Thirteenth Amendment is inapplicable where involuntary servitude "<u>IS</u>" imposed as punishment for crime. Applicant was not sentenced to labor.

In the State of Texas, the criminal justice laws of the State are embodied within the Texas Penal Code, and the Texas Code of Criminal Procedure, both of which established penalties, prohibitions, and prescribed punishment for offenses and "<u>nowhere therein is provided punishment for crime as hard labor</u>" that is being assessed against this Applicant at this time.

In as much as Applicant has not been sentenced to "Hard Labor" he retains those provisions provided by Article 1 §§ 1,2,3,3A,6,13,16,19, and 29 of the Texas Constitution, as well as the 13th Amendment to the United States Constitution. The defendants have provided this information by correspondence from Applicant....Each of the Respondents named herein are without legal authority to compel Applicant into involuntary servitude and/or slavery. Premised upon the fact that the Applicant was not sentenced to "Hard Labor" or "Labor" in the TDCJ-ID, but simply incarceration. Without involuntary servitude

(3)

and/or slavery being imposed as "punishment for crime" by the Judiciary (Trial/Judge/Jury), or it's been enacted by Legislation as "Punishment for Crime," any work assignment forced upon Applicant gives rise to prohibition of the various sections of the Texas Constitution, against involuntary servitude and/or slavery being unduly imposed against a party. Also see <u>Watson v. Graves</u>, 909 F.2d 1549 (5th Cir. 1990) at 1553 Note no.7 inmates must be sentenced to labor by the trial court as part of the punishment. Reaffirmed in <u>Channer v. Hall</u>, 112 F.3d 214 (5th Cir.1997) at 217-18.

Applicant would respectfully like to clarify the <u>Watson</u> decision at Note no.7 at 1553 where the Court states quote (in part), We draw a distinction however, between those prisoners who are sentenced to labor as part of their sentences, and those who are not. In the later case, there is no bar to an F.L.S.A. claim because the prisoner's work belongs to him <u>AND NOT TO THE PRISON</u>. Applicant, unlike Watson supra, or his co-applicant Thrash, is strictly forced to do labor against his will and with the clear threat of severe punishment (see TDCJ-ID Disciplinary Rules Handbook punishment section for not performing labor i.e., Refusing to Work).

## SECOND CAUSE OF ACTION

Defendants violation of other statutory authority as being slaved and/or involuntary servitude is prohibited under the "Cruel and Unusual Punishment" standard of Art. 1§13 of the Texas Constitution and the 13th Amendment to the United States Constitution. <u>Plaintiff contends that any "punishment not prescribed by the trial court" or imposed therein nor enacted by the Legislature proves to be excessive and gives right rise to "Cruel and Unusual Punishment" in this Cause.</u> The U.S. Supreme Court held in <u>Rhodes v. Chapman</u>, 101 S.Ct. 2392 (1981) that cruel and unusual punishment clause applies to conditions which are not part

of the penalty that criminal offenders pay for their offenses against society. Therein, the Court states the 8th Amendment in only three words, **imposes** constitutional limitation upon punishments, they cannot be <u>cruel and unusual</u>. The Court has interpreted these words "In a flexible and dynamic manner," citing <u>Greg v. Georgia</u>, 96 S.Ct. 2902 (1975) The Supreme Court went further to address the subject in <u>Whitney v. Albers</u>, 106 S.Ct. 1078 (1986) As follows "The Cruel and Unusual" clause was designed to protect those convicted of crimes and consequently the clause applies only after the State has complied with the constitutional guarantee traditionally associated with the criminal prosecutions. An express intent to inflict unnecessary pain is not required and "harsh conditions of confinement" may constitute cruel and unusual punishment unless such conditions are part of the penalty that criminal offenders pay for their offenses against society.

Recently the Supreme Court of the United States held in a unanimus decision in <u>U.S. v. Kozminski</u>, 108 S.Ct. 2751 (1988) That by its terms the 13th Amendment excludes involuntary servitude imposed as <u>legal</u> punishment for a crime. And in light of this finding it stands that the Respondents herein are mere representative agents of the Executive Branch of the Government of the State of Texas. The Executive Branch of the Government has only the authority to enforce statutes enacted by the Legislative Branch or "punishment" as imposed by the Judicial Branch of Government. TDCJ-ID is without authority to enact legislation or to impose statutes to which it has not been given proper authority, namely Gov't. Code § 497.090, and newly enacted Gov't. Code 497.099.

Article 2 § 1 of the Texas Constitution provides that the "**Seperation of** Powers Doctrine" which specifically precludes the imposition of involuntary servitude and/or slavery on prisoners as "a punishment for crime" by the Texas Executive Branch of the Government (TDCJ-ID)

(5)

when such is clearly the prerogative of the Legislative and Judicial Branches of the Government.

The Director of Criminal Justice, nor their underlings, are authorized with the power to enact "Punishment" not legislated or imposed by the trial court. To do otherwise is prohibited by the Cruel and Unusual Punishment Clauses of Article 1 § 13 of the Texas Constitution, and the 8th Amendment of the Constitution. By the same token, not only do the defendants defy several sections of the Texas Constitution and the 8th and 13th Amendment prohibitions against involuntary servitude and/or slavery, and the Cruel and Unusual Clauses. Also, this violation incorporates the Ex Post Facto law, Double Jeopardy Clause, Title VII regarding prisoner labor, Fair Labor Standards Act and the 10th Amendment of the United States Constitution. The 1st Amendment right to access the courts to grieve this matter which TDCJ personnel refuse to remedy and instead proceed to harass/retaliate, thus, remedy is sought in the Judicial Branch which redress is not afforded Plaintiff within the Penal System of TDCJ-ID. Furthermore, the Texas Government Codes §§ 497.090 and 497.099 are vindictive legislation in that the Legislature enacted their supposed work code and intended it to be a "Hidden Law" in this fashion; when an inmate is sentenced to prison he is sentenced to incarceration only, "Not Hard Labor." The 5th Circuit has ruled enbanc that a prisoner who is not sentenced to do labor retains his Thirteenth Amendment Right and "cannot be required to do labor," and if he chooses not to do labor he cannot be punished. See Watson v. Graves, 909 F.2d 1549 (5th Cir.1990) at 1553 Note no.7, We draw a distinction however, between those prisoners who are sentenced to labor as part of their sentences, and those who are not. In the latter case, there is no bar to an F.L.S.A. claim because the prisoner's work belongs to him and not the prison. Also see Channer v. Hall, 112

F.3d 214 (5th Cir.1997) At 217, We recognized that the inmates despite their status as convicted criminals retain their civil right not to be subjected to involuntary servitude "Because they had not been sentenced to hard labor." Then at 218, A showing of compulsion is thus a prerequisite to proof of involuntary servitude.

When an inmate is sentenced for a conviction of a criminal offense in the State of Texas, he or she is sentenced under the Texas Code of Criminal Procedure Articles §§ 42.12 or 42.18 which are the guidelines for the terms of incarceration and release. Under Texas Law a person is punished by imprisonment and or fines; or probation. They may also be punished by being sentenced to labor "like community service" but never imprisonment with hard labor! The court must specify the labor terms in the sentencing as part of the punishment. If the court does not make labor part of the punishment, the prisoner must be paid for any labor he or she does with a deduction of "one day flat time credit for every day of labor." And then the prisoner must be medically fit. See Texas Code of Criminal Procedures Article 43.10 for county jail inmates, or the prisoner must receive money as payment for labor as do the federal prisoners in other prisons.

Most states and federal governments pay prisoners one of these two ways unless labor is included as punishment by the court, and/or without payment, "IS" involuntary servitude (slavery) which is unconstitutional and against the law. Texas did not think about this until 1995 when it made laws that required prison inmates to work in an attempt to justify the forced labor of prisoners in the Texas Department of Criminal Justice - Institutional Division without payment. However, the State cannot apply the new law to any persons who have committed a criminal offense because of the added punishment aspect in this code.

Now the State must pay the prisoners for their labor by deducting

(7)

"Work Time" off the end of their sentence to all those who were convicted and sentenced by any court in Texas. Furthermore, Codes §§ 497.090 and 497.099 are vindictive Legislation. By no means is "Work Time" calculated in with or accumulated as part of parole eligibility. Because it never has been listed as such under the Texas Code of Criminal Procedures Articles 42.12 and 42.18 or the Texas Penal Code or any other laws. Unlike the "good-time" credits, which is a behavior mechanism, nothing whatsoever is given for the labor of prison inmates.

Therefore, "Work-Time" must be deducted from the prisoner's sentence of incarceration. The only prison inmates that cannot recieve "Work-Time" deductions from their prison sentences are: 1. Those sentenced to death; 2. Those sentenced to life imprisonment. To reiterate Government Code 498.003 is the only code that states anything about labor and then it only says the Department may grant good-time for inmate's labor and "May" is not enough nor is good-time payment.

Lastly, it is only common sense that the Texas Government Codes §§ 497.090 nor 497.099 <u>cannot be applied to anyone unless the court</u> sentences its prisoners to do labor because of the <u>Watson v. Graves</u>, 909 F.2d 1549 at 1553 Note no.7 ruling. Because a convicted felon cannot plead to a crime, for example, and take a 10 year prison term and then when he arrives at the TDCJ-ID he is told, "Oh by the way, now that you are here you must labor for us or you cannot 'Get' or be eligible for parole" especially when he was sentenced to incarceration only by the court! This cannot happen as this is obviously vindictive legislation and purely a hidden slavery law. Also, county jail felons cannot get or have more rights than prison inmates who commit the same felony. In other words, no one can say if you get sentenced to county jail your labor counts! But if you are sentenced to prison your labor does not count, and is free! This type of logic is ludicrous and

idiotic! Because this would create a communistic type of labor camp that are very close to existing in the Texas prison system currently that is illegal.

## SUMMARY AND CONCLUSION

Plaintiff submits, with all due respect that the facts and law support the fact that as a prisoner of the State of Texas, he is being illegally subjected to involuntary servitude and/or slavery in violation of civil rights and constitutional provisions of the Constitution of both the State of Texas and the United States.

As a legal issue, in order to enforce involuntary servitude and/or slavery, it must be... "APunishment for Crimes" and only provisions by which punishment is imposed upon criminal offenders in the State of Texas are imposed by the Judiciary or Legislature through the Texas Code of Criminal Procedure. Any imposition beyond that provided therein does not comport with the due process or due cause of law. In turn, involuntary servitude and/or slavery is not legally affected as a punishment for crime in the State of Texas because it is not provided through the State criminal law.

Involuntary servitude and/or slavery is not legally affected as punishment in the Texas Penal Code, nor has involuntary servitude and/or slavery been enacted as a penalty option thereunder, nor has involuntary servitude and/or slavery been enacted as punishment for crime hereupon Plaintiff, as the sentencing trial court did not order "Hard Labor" or "Labor" as a term for punishment. See *Watson* supra.

The Texas Code of Criminal Procedure provides no rules of procedure permitting any punishment "Other Than" the Judicial Branch of the State of Texas Government. The Texas Legislature enacted the Texas Penal Code and the Texas Code of Criminal Procedure with singular objectives; to establish a system of penalties and to define rules for punishments of

crime to offenders. Respectfully, therein is no such provision to designate enforcement of any punishment by the Executive Branch of the Texas Government or any of it's "Administrative Agencies" such attempt at enforcement of involuntary servitude/slavery encroaches upon the Seperation of Powers Doctrine which is intended as protection from arbitrary actions of Government, preserving rights to prisoners thereunder.

To reiterate, this writ <u>is not</u> about good-time or parole. This writ is about the illegal application of Government Codes §§ 497.090 and 497.099 which are vindictive legislations and cannot apply to any TDCJ-ID inmate because of the 5th Circuit's rulings in <u>Watson</u>, supra at 1553 Note no.7, and the 1997 <u>Channer</u> ruling, supra which affirmed the Watson ruling. As this prison system cannot say to it's prisoners when they arrive, "In effect, now that you are here you have to do labor for us for free." The TDCJ-ID has itself separated good and work time on its own time calculation sheets and the two are in fact a separate entity. Furthermore, Government Code § 498.003 is the only Code that says anything about work-time, and it says that the **Department** "May" award good-time for work participation in a work endeavor. Well, "May" is not good enough, nor is it legal and established in any Codes which states that the inmate "Must Accept" good-time as payment for his labor.

This prison system is flatly and plainly a modern day slavery system to serve this State's self-serve policy which is illegal. The fact of this writ is that the Texas Government **C**odes §§ 497.090 and 497.099 are vindictive legislations and could not apply to any Texas inmate because of the U.S. Court of Appeals ruling that an inmate "<u>Must be sentenced to do labor by the sentencing court</u> to be required to do labor." See Watson v. Graves, 909 F.2d 1549 at 1553 Note no.7 and Channer v. Hall, 112 F.3d 214 (5th Cir.1997) at 217-18.

Lastly, the laws quoted in this writ are absolute and final, and it would show professionalism if this Court would rule according to the law and not this State's illegal self purposes of Slavery for profit. The fact of this matter is that the respondents "MUST" follow the law, and the law is that for any Texas prisoner to be forced to do labor he must be sentenced to do labor by the trial court as part of his punishment and no one in the TDCJ-ID has been sentenced to do labor. Therefore, this writ must be granted in its entirety. One last fact! Civil Statute 6166x was repealed on Sept. 1, 1989 as unconstitutional and illegal; and as such could not apply to this applicant either.

Finally, since this writ was started, the Texas Government Code § 497.090 was repealed on Sept. 1, 1999. And in its place Government Code § 497.099 was enacted and became effective on Sept. 1, 1999. Government Code § 497.099 is essentially the same in its content and is being applied by the Respondents to this Applicant illegally and in an ex post facto manner. Government Code § 497.099 cannot be applied to this Applicant anymore than § 497.090 could because of the Watson case supra; Channer, supra; Lynce, supra; Kozminski, supra rulings as well as numerous other rulings distinguished by both the Texas and United States Constitutions. Therefore the Government Code § 497.099 which was put into law on Sept. 1, 1999 is also inapplicable to this Applicant's sentence whereby making Applicant's sentence to be served more onerous and burdensome as added punishment to his sentence. In the 1999 Federal Code and Rules by West at page 45 under Rule 7 Indictment and Information, (b) it states quote, in part, "Waiver of Indictment. An offense which may be punished by imprisonment for a term exceeding one year "or" at hard labor may be prosecuted by information if the defendant, after been advised of the nature of the charge and of the rights of the defendant, waives in open court prosecution by

indictment. Applicant is merely pointing out that even West's Federal Code and Rules separates incarceration, and incarceration at hard labor as does the 5th Circuit in Watson and Channer (1997).

One last issue in Preiser v. Rodriuez, 93 S.Ct. 1827 (1973) Key 13.9. The Supreme Court states, If remedy under Civil Rights Act is avilable, plaintiff need not first seek redress in state form. 28 U.S.C.A. § 2254 (b); 42 U.S.C.A. § 1983. Therefore, this writ is merely a courtesy by sending this to the State as this writ is based on a federal question, and therefore will be dealt with accordingly.

PRAYER

WHEREFORE PREMISES CONSIDFRED, this Applicant having proved his case to this Court by quoting existing Law, asks this Honorable Court to issue this writ and:

(1) To order the TDCJ-ID to unassign him from performing labor for the TDCJ-ID;

(2) To declare that the Texas Government Codes §§ 497.090 and 497.099 are vindictive legislation and as such is illegal under the United States Constitution and the Texas Constitution. And that the Codes §§ 497.090 and 497.099 cannot be applied to this Applicant who has not been sentenced to do labor by his/or her trial court;

(3) To order TDCJ-ID to apply all labor performed by this Applicant for the TDCJ-ID to be applied to his sentence on a day by day basis as additional "FLAT TIME" served towards his sentence as compensation for his labor as the Texas Code of Criminal Procedure Art. 43.10 at no. 6 states should be done;

(4) To order the TDCJ-ID to dismiss and delete all previous disciplinary cases that have been issued to him by the TDCJ-ID.

Respectfully submitted on the 20th day of January, 2000

Respectfully Submitted

*Martin Dale Walker*

Martin Dale Walker
TDCJ-ID #747874
Connally Unit #068
HC 67 Box 115
Kenedy, Texas 78119

## UNSWORN DECLARATION

I, Martin Dale Walker, TDCJ-ID #747874 am currently incarcerated at the John B. Connally Unit of the Texas Department of Criminal Justice in Karnes County, Texas do swear under penalty of perjury that the foregoing information contained herein is true and correct: Executed this the 20th day of January, 2000 under § 1746 the foregoing is true and correct.

Respectfully Submitted

*Martin Dale Walker*

Martin Dale Walker
TDCJ-ID #747874